**In re FKF MADISON PARK GROUP OWNER, LLC, Alleged Debtor.**

**In re JMJS 23rd Street Realty Owner, LLC, Alleged Debtor.**

**In re Madison Park Group Owner, LLC, Alleged Debtor.**

**In re Slazer Enterprises Owner, LLC, Alleged Debtor.**

**Nos. 10–11867 (KG), 10–11868(KG), 10–11869(KG), 10–11870(KG).**

United States Bankruptcy Court, D. Delaware.

Sept. 3, 2010.

Barry Slotnick, Kristi Davidson, Buchanan Ingersoll & Rooney PC, Anne W. Salisbury, Guzov Ofsink, LLC, New York, NY, Mary Caloway, Buchanan Ingersoll & Rooney PC, Mark E. Felger, Cozen O'Connor, Wilmington, DE, for Petitioning Creditor.

Joseph J. Haspel, Joseph J. Haspel PLLC, Goshen, NY, Lucian Borders Murley, Mark Minuti, Saul Ewing LLP, Wilmington, DE, for Alleged Debtor.

## MEMORANDUM ORDER

KEVIN GROSS, Bankruptcy Judge.

The Court having considered the *Memorandum of Law* filed by Barbara Kraus, Mitchell Kraus, Stephen Kraus, and Kraus Hi–Tech Home Automation, Inc. [Case No. 10–11867, D.I. 75]; the *Alleged Debtors' Supplemental Brief in Support of Motion to Dismiss the Involuntary Petitions Filed Against the Alleged Debtors FKF Madison Park Group, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group LLC, and Slazer Enterprises Owner, LLC* [Case No. 10–11867, D.I. 76]; the *Memorandum of Law Regarding Joinder in Involuntary Petition* filed by Mad 52, LLC [Case No. 10–11867, D.I. 77]; and the statements of counsel on the record at the hearing before the Court on August 13, 2010; and for good cause; the Court hereby FINDS as follows:

1. On June 8, 2010, Barbara Kraus, Mitchell Kraus, Stephen Kraus, and Kraus Hi–Tech Home Automation, Inc. (collectively, the "Kraus Creditors") filed involuntary petitions (the "Involuntary Petitions") for relief against FKF Madison Park Group, LLC, JMJS 23rd Street Realty Owner, LLC, Madison Park Group LLC, and Slazer Enterprises Owner, LLC (collectively, the "Alleged Debtors").

2. On June 29, 2010, the Alleged Debtors filed motions to dismiss the Involuntary Petitions, which motions the Court scheduled for hearing on August 13, 2010. At the hearing, the Court set an initial deadline for the filing of joinders of additional creditors to the Involuntary Petitions and requested briefing on the issue of whether such joinders relate back to the Involuntary Petitions' original filing date and thereby cure any deficiencies in the Involuntary Petitions.[1]

3. To date, five creditors have filed joinders (the "Joinders"): Mad 52 LLC, Dr. Harvey Schiller, Mr. Joe Coffey, Pace Plumbing Corp., and Gotham Greenwich Construction Co., LLC (collectively, the "Additional Creditors," and together with the Kraus Creditors, the "Petitioning Creditors"). On August 27, 2010, the parties submitted simultaneous briefs as the Court requested.

4. In their brief, the Alleged Debtors argue that the Court should dismiss the Involuntary Petitions as having been filed in bad faith. The Alleged Debtors further argue that the Court should apply the "bar to joinder doctrine" and that should the Court find a bad faith filing, the Joinders do not provide a cure.

5. The Petitioning Creditors argue, *inter alia*, that Bankruptcy Code section 303(c) provides for liberal joinder and specifically enunciates the limited conditions to such joinder. More specifically, the Petitioning Creditors argue that even assuming, without finding, the bad faith of first-filing creditors, such finding does not create an exception to the broad joinder rights provided in section 303(c). The Petitioning Creditors also argue that the "bar to joinder doctrine" is not binding on this Court.

6. Bankruptcy Code section 303(c) provides that, "after the filing of [an involuntary petition], but before the case is dismissed or relief is ordered, a creditor holding an unsecured claim that is not contingent ... may join in the petition with the same effect as if such joining creditor were a petitioning creditor under subsection (b) of this section." 11 U.S.C.

---

1. At the request of the Kraus Creditors, the Court extended the joinder deadline to August 30, 2010.

§ 303(c). Generally, courts interpret this section to provide for joinder of additional creditors as a matter of right. *IBM Credit Corp. v. Compuhouse Sys., Inc.,* 179 B.R. 474, 477 (W.D.Pa.1995) ("Joinder is a matter of right ... The straightforward language of the statute permits any number of qualifying creditors to sign onto the petition...."); *In re Kidwell,* 158 B.R. 203, 210 (Bankr.E.D.Cal.1993) ("Congress placed no restrictions on joinder in section 303(c). The sole statutory qualification for joining is that the creditor must hold a nonexempt unsecured claim."). Section 303(c) also provides that additional petitioning creditors are regarded as original petitioning creditors. 11 U.S.C. § 303(c).

7. There is, however, conflicting case law on whether joinders to an involuntary petition can cure an otherwise deficient bad faith filing. *See* 2 *Collier on Bankruptcy* ¶ 303.19[2] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2010). Certain courts employ the judicially-created "bar to joinder doctrine" and prohibit joinder when the initial petitioning creditors did not file in good faith. *See Basin Elec. Power Co-op v. Midwest Processing Co.,* 769 F.2d 483 (8th Cir.1985). This doctrine, however, has been criticized as obsolete and counterproductive. *See In re Kidwell,* 158 B.R. at 220 ("It is not permissible to deprive eligible creditors of their statutory right to join in the petition and then to dismiss for insufficiency in numbers of petitioners merely because of the misbehavior of the first creditor to petition."). The Third Circuit has not ruled on the doctrine and it is therefore not binding on the Court.

8. Moreover, the "bar to joinder doctrine" is inconsistent with the unambiguous plain language of section 303(c), which this Court is required to construe strictly. *See In re Philadelphia Newspapers, LLC,* 599 F.3d 298, 304 (3d Cir.2010) (quoting *Conn. Nat'l Bank v. Germain,* 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992)) (" '[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there. When the words of a statute are unambiguous, then this canon is also the last: judicial inquiry is complete.' "); *In re Kidwell,* 158 B.R. at 207.

9. Section 303(c) allows for joinder if the joining creditor: (i) holds an unsecured claim that is not contingent; and (ii) is not one of the initial petitioning creditors. *See* 11 U.S.C. § 303(c). The plain language of section 303(c) simply does not condition joinder on the good faith of the original petitioning creditors. *See In re Kidwell,* 158 B.R. at 207, 211 ("Nothing suggests that the courts are authorized to interpose conditions upon joinder by qualifying creditors. The language of the statute and rules indicate that the court's sole inquiry on a motion to intervene under section 303(c) is whether the intervening creditor is qualified.").

10. In sum, the "bar to joinder doctrine" is not binding on this Court and the plain language of section 303(c), which this Court is required to construe strictly, does not permit the Court to arbitrarily impose non-statutory conditions to joinder.[2]

Accordingly, based on the foregoing, it is hereby

---

2. To the extent that the "bar to joinder doctrine" is viewed as a remedy for bad faith filings, the Court is satisfied that other statutory provisions and rules provide necessary deterrents for bad faith filings, such that dismissal of a petition supported by sufficient good faith creditors is an unnecessarily harsh result. *See In re Kidwell,* 158 B.R. at 216–19. These provisions include Bankruptcy Code sections 303(e) and (i), section 157(1) of chapter 18 of the United States Code, and Federal Rule of Bankruptcy Procedure 9011.

ORDERED, that the Joinders filed by Mad 52 LLC, Dr. Harvey Schiller, Mr. Joe Coffey, Pace Plumbing Corp., and Gotham Greenwich Construction Co., LLC (i.e., the Additional Creditors) shall relate back to June 8, 2010, the filing date of the original Involuntary Petitions; and it is further,

ORDERED, that the Court will accord Mad 52 LLC, Dr. Harvey Schiller, Mr. Joe Coffey, Pace Plumbing Corp., and Gotham Greenwich Construction Co., LLC (i.e., the Additional Creditors) the status of creditors filing a petition under 11 U.S.C. § 303(b)(1); and it is further,

ORDERED, that this Order shall not be construed as a determination on the merits regarding whether the Kraus Creditors filed the Involuntary Petitions in good faith or whether the Court should dismiss the Involuntary Petitions and the Joinders; and it is further,

ORDERED, that the Court shall retain jurisdiction to enforce this Order.